The Honorable Dan Harmon Prosecuting Attorney P.O. Drawer 999 Benton, AR 72015
Dear Mr. Harmon:
This is in response to your request for an opinion concerning a refund of taxes allegedly erroneously assessed and paid.[1]
According to the facts outlined in your request, a property owner in Grant County presented to the collector a certificate from the Veterans Administration indicating her homestead and personal property were exempt from taxation under the provisions of A.C.A. § 26-3-306 (Cum. Supp. 1991), since she is the surviving spouse of a 100% disabled veteran. The only effective date for exemption the taxpayer can establish is the date of her husband's death, which was August 26, 1974. You state that neither the taxing entity nor the taxpayer was aware her property was exempt until recently. The collector wants to know if there is any statute of limitations on the claim for a refund of the taxes paid in error, or whether the collector must refund all taxes paid after the taxpayer's husband was rated 100% disabled. You also ask whether the collector should require an order from the county court authorizing payment for any sums refunded.
It is my opinion that your first question was sufficiently addressed in Ops. Att'y Gen. 91-413 and 88-294, copies of which are enclosed. Specifically, it was concluded in those opinions that the statute of limitations for an action under A.C.A. §26-35-901 (1987), which allows claims for refunds on erroneously assessed taxes, is three years.
With regard to your second question, Section 26-35-901(a) states:
 In case any person has paid taxes on any property, real or personal, erroneously assessed, upon satisfactory proof being adduced to the county court of the fact, the court shall make an order refunding to the person the amount of the county tax so erroneously assessed and paid. [Emphasis added.]
Accordingly, it is my opinion that the answer to your second question is "yes." An order should be obtained from the county court authorizing payment for the taxes allegedly paid in error.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
SD/WB:cyh
Enclosures
[1] It should be noted initially that this office has previously concluded that A.C.A. § 26-3-306, which exempts the property of certain veterans, their surviving spouses, and their minor dependent children from ad valorem taxation, is constitutionally suspect. The exemption is not authorized anywhere in the Arkansas Constitution, and as such, may be void under Article 16, Section 6. See Op. Att'y Gen. 91-265, a copy of which is enclosed.